IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Christie Ulmer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CV-00213 |
| | ) | |
| MVConnect, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney of record and alleges the following against the Defendant:

### PARTIES

1. Plaintiff is a resident citizen of Baldwin County, Alabama and at all times relevant to this proceeding, has been over nineteen years of age.

2. MVCONNECT, LLC (hereinafter "MVTrac") is an Illinois corporation, doing business as "MVTrac," whose primary business is conducting automobile repossessions.

### JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. §1692k.

4. This Court has personal jurisdiction over the Defendant because it conducts repossessions of consumer vehicles in this state and judicial district.

## FACTS

5. This is a case of conversion and violations of the Fair Debt Collection Practices Act,[1] arising from the Defendants' wrongful repossession of the Plaintiff's automobile.

6. At all times relevant to this proceeding, MVTrac was acting on behalf of TitleMax to repossess the Plaintiff's vehicle.

7. At all times relevant to this proceeding, the Plaintiff was the owner of a 2017 Nissan Sentra, VIN 3N1AB7AP6HY383076 (the "Vehicle").

8. On or about November 8, 2018, the Plaintiff took out a loan from TitleMax, pledging her Vehicle as collateral.

9. The title pawn was a "security interest" as defined by Ala. Code §7-1-201(b)(35).

10. The amount of the initial loan was $3,253.86.

11. She paid the loan in full on November 15, 2018.

12. She did so in person by visiting a local TitleMax office, and one of TitleMax' employees there stamped the pawn ticket as "PAID," and signed the pawn ticket to verify that it had been paid. A copy of this stamped and signed pawn ticket is attached as Exhibit A.

13. On June 5, 2021, the Plaintiff woke up to find her Vehicle was gone. She telephoned the police, who informed her that it had been repossessed by MVTrac, on behalf of TitleMax.

14. On the date of the repossession, the Plaintiff

15. The Plaintiff was, naturally, immensely distressed, worried, and embarrassed.

16. The Defendant had absolutely no right to repossess the Vehicle in June of 2021.

17. But they did so anyway.

18. The repossession was intentional, as the Defendant had to undertake a great deal of effort to bring a wrecker to the Plaintiff's apartment complex, hook up her vehicle in the middle of the night, and haul it all the way to Mississippi.

19. The Defendant's conduct was completely illegal, and utterly dismissive of the

---

[1] 15 U.S.C. §1692, et seq.

Plaintiff's property rights.

20. The Defendant's repossession of the Plaintiff's Vehicle also violated 15 U.S.C. §1692f(6), which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."

21. As a result of the Defendant's actions, the Plaintiff has suffered significant damages, including but not limited to:

    - The temporary loss of the Vehicle, which she was only able to retrieve after TitleMax unlawfully took $3,253.86 from her;

    - Damage to the Plaintiff's reputation;

    - Emotional distress and mental anguish;

    - The costs of substitute transportation.

## VICARIOUS LIABILITY

22. Defendant negligently or willfully hired, retained, and supervised deceptive and/or incompetent employees and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages sustained thereby.

23. At all times relevant to this proceeding, the employees of Defendant were acting on behalf of and/or for the benefit of Defendant.

## COUNT ONE: WILLFUL AND MALICIOUS CONVERSION

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 above.

25. The Defendant willfully and maliciously took the Plaintiff's property—the Vehicle—from her.

26. The Defendant exercised wrongful dominion over the Plaintiff's property by taking the Vehicle and hauling it to Mississippi.

27. The Defendant wrongfully withheld the Plaintiff's property after she demanded its return.

28. The Defendant did so to benefit itself and/or TitleMax, not the Plaintiff.

29. Defendant knew that it had no right to repossess the Vehicle, but did so anyway.

30. Alternatively, Defendant failed to undertake any investigation into the validity of TitleMax's request for a repossession.

31. The Defendant did so willingly and in knowing violation of the Plaintiff's property rights.

32. The Defendants are therefore liable to the Plaintiff for actual damages and punitive damages.

## COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above.

34. The Defendant violated the Plaintiff's rights under 15 U.S.C. §1692f(6) by repossessing the Plaintiff's vehicle without the present right to do so.

35. Though repossession agencies are not normally considered "debt collectors" under the FDCPA, the statute specifically includes them within that definition for purposes of 15 U.S.C. §1692f(6).  *15 U.S.C. §1692a(6).*

36. Violations of a consumer's rights under the FDCPA entitle the consumer to actual damages, statutory damages of up to $1,000, costs, and attorneys' fees.  *15 U.S.C. §1692k.*

37. The Defendant's violation of the law has damaged the Plaintiff as described above.

38. For its violations of the Plaintiff's rights under the FDCPA, the Plaintiff seeks judgment against the Defendant for actual damages, $1,000 of statutory damages, costs, and a reasonable attorneys' fee.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully requests judgment against the Defendant for the following:

A) Actual damages and punitive damages for the Defendant's unlawful conversion of the Plaintiff's Vehicle;

B) Actual damages and statutory damages of $1,000 for Defendant's violation of the Fair Debt Collection Practices Act;

C) Costs and attorneys' fees;

D) Such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED on June 3, 2022.

/s/ Judson E. Crump
Judson E. Crump [CRU021]

Judson E. Crump, P.C.
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com