IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Christie Ulmer,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Case No. 1:22-CV-00213 |
| ) | |
| **MVConnect, LLC** ) | |
| ) | |
| **Respondent.** ) | |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant MVConnect, LLC dba MVTrac (hereinafter "Defendant MVTrac") hereby files this motion in accordance with the provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, to compel arbitration of all claims brought by Plaintiff Christie Ulmer ("Plaintiff") herein and to dismiss this action. Arbitration is the appropriate forum for resolving Plaintiff's claims because she assented to a pre-dispute arbitration agreement in which she agreed to forego litigation in court and pursue any disputes with Defendant MVTrac in an arbitration forum. Moreover, Plaintiff already elected to arbitrate her claims against TitleMax of Alabama, Inc. ("TitleMax") which arise from the same transaction and occurrences, thereby consenting to the arbitration provisions in question. In support of this Motion, Defendant MVTrac submits the Affidavit of Jose Urbaez Cotto ("Affidavit") which is filed concurrently herewith and in support hereof.

**I.  INTRODUCTION**

As set forth in the Complaint, this action is premised upon the alleged wrongful repossession of Plaintiff's vehicle following the enforcement of a Pawn Ticket and Security Agreement entered into between Plaintiff and TitleMax. (See Complaint at paras.8, 12). In each of the Pawn Tickets, Plaintiff agreed to arbitrate any disputes she may have with TitleMax or any "Related Party." Said arbitration provisions specifically define "Related Party" to include a

repossession company. Plaintiff has conceded that "At all times relevant to this proceeding, [Defendant] MVTrac was acting on behalf of TitleMax to repossess the Plaintiff's vehicle," (Compliant at Para, 6) and that the Vehicle "had been repossessed by [Defendant] MVTrac on behalf of TitleMax." (Complaint at para.13). Plaintiff's agreement to arbitrate her claims against Defendant MVTrac is valid, binding, and enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). The claims contained within Plaintiff's Complaint expressly fall within the scope of the arbitration clause contained in the Pawn Ticket and Security Agreements and the arbitration provision expressly includes a repossession company such as Defendant MVTrac. According to the terms of these agreements, as a matter of law, arbitration must be compelled and this action should be dismissed or stayed.

## II.     STATEMENT OF FACTS

This lawsuit arises from a dispute relating to the security interest and repossession of Plaintiff's 2017 Nissan Sentra; Vehicle Identification Number (VIN) 3N1AB7AP6HY383076 (the "Vehicle") on June 5, 2021. Plaintiff used the Vehicle as collateral in a title pawn transaction with TitleMax on September 1, 2018 (the "Title Pawn"). *See* Pawn Ticket and Security Agreement dated 09/01/2018, attached to the Affidavit, filed concurrently herewith, as Exhibit A-1 ("09/01/2018 Pawn Ticket").

As stated in the 09/01/2018 Pawn Ticket, the entire balance of the loan was due and owing at the end of the thirty (30) day term. Plaintiff elected to refinance the Loan for an additional term on seven (7) subsequent occasions with the last refinance occurring on February 7, 2019, as evidenced by the Pawn Ticket and Security Agreements attached to the Affidavit as Exhibit A-2 through A-8 (Exhibits A-1 through A-8 are hereafter collectively referred to herein as "Pawn Tickets"). As a condition of each refinance, Plaintiff executed a new Pawn Ticket, and each Pawn

Ticket reiterates the same terms and conditions therein, including the arbitration provision set forth herein below. *Id*.  Plaintiff's Complaint alleges that she paid her obligations in full, and argues that the repossession of the Vehicle, performed by Defendant MVTrac after being engaged by TitleMax, was wrongful.

Plaintiff's final refinance of the title pawn was February 7, 2019 and the corresponding Pawn Ticket and Security Agreement ("02/07/2019 Pawn Ticket") (Affidavit at Exhibit A-8), was in effect on June 5, 2021 at the time Defendant MVTrac repossessed Plaintiff's Vehicle. *Id*.  Upon Plaintiff's default on the 02/07/2019 Pawn Ticket, TitleMax engaged Defendant MVTrac to repossess the Vehicle (Affidavit at para.10;*cf* Complaint at para.6).  Section 7 of each of the respective Pawn Tickets, including the 02/07/2019 Pawn Ticket provides TitleMax the right to repossess a pawned vehicle upon default.

The Pawn Tickets that granted TitleMax's security interest in the Vehicle, and that provide legal justification for TitleMax's repossession thereof, contain an arbitration clause that encompasses the claims now brought by Plaintiff against Defendant MVTrac (the repossession company engaged by TitleMax to repossess the Vehicle).  In summary, repossession companies like Defendant MVTrac are considered "Related Parties" under the arbitration provision and the provision is intentionally broad to permit Related Parties to move to compel arbitration.  *See* Affidavit at para. 10; Exhibits A-1 through A-8 at §19.

The arbitration provisions[1] in the Pawn Tickets read, in pertinent part, as follows:

> 19.    WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE: By signing below, you agree to this Waiver of Jury Trial and Arbitration Clause ("Clause").  We have drafted this Clause in

---

[1] As noted in the Pawn Ticket arbitration provision at Section 19, the clause has been drafted in question and answer format for the customer's ease of understanding.  Relevant portions of the provision have been excerpted herein below.

question and answer form so it is easier to understand. This Clause is part of this Agreement and is legally binding.

… If you do not want this Clause to apply, you have 60 days from the Transaction Date to opt out. To opt out, you must tell Lender by a writing you send to the Notice Address. You must give your name, address, Transaction number and Transaction Date. You must state that you "opt out" of this Clause. You may not send your notice electronically.

…. Lender and you agree that any party may demand arbitration of or arbitrate any Dispute unless you opt out of the law does not allow it.

…. **This Clause also applies if you have a Dispute[2] with a Related Party[3] related in some way to your application, this Agreement, the Vehicle, the Pawn, or your dealings with Lender… A Related Party may compel you to arbitrate Disputes covered by this Clause.** [Emphasis added].

…. A Related Party may compel you to arbitrate Disputes covered by this Clause.

…. This Clause covers Disputes that involve Lender (or a Related Party) and you.

…. Either party may sue if the other party does not demand arbitration.

…. For Disputes subject to this Clause, you give up your right to:
  1. Have a jury decide Disputes
  2. Have a court, other than a small claims court, decide Disputes."

---

[2] §19 of the respective Pawn Tickets defines "Dispute" to include "all claims and disagreements related to your application, this Agreement, the Vehicle, the Transaction, or your relationship with Lender. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancings, and payment plans. It includes claims related to collections, privacy, and customer information. It includes claims and disagreements that usually would be resolved in court. "Dispute" also includes claims and disagreements you have with Related Parties.

[3] §19 of the Security Agreements defines "Related Party" to include **"any person or company involved in a Dispute you pursue while you pursue a Dispute with Lender (like a repossession company)."** (Emphasis added).

Defendant's Motion to Compel Arbitration
Page 4 of 14

*See* §19 of each of the respective Pawn Tickets attached to the Affidavit at Exhibits A-1 through A-8 (hereinafter referred to as the "Arbitration Clause").  Specifically, Plaintiff **did not** opt out of the Arbitration Clause of any of the Pawn Tickets as permitted by the terms therein. (Affidavit at para. 12).  Therefore, Plaintiff is subject to binding arbitration of her dispute against a Related Party, Defendant MVTrac.

Of particular note is the fact that the Plaintiff has effectively conceded the applicability of the Arbitration Provisions in the Pawn Tickets when she elected to make a Demand for Arbitration upon TitleMax for the adjudication of her claims against TitleMax, each of which arise from the exact same transaction and occurrences as those set forth herein, in lieu of filing a lawsuit. (See Demand for Arbitration attached to the Affidavit as Exhibit "B").  Because Plaintiff has voluntarily elected to arbitrate her claims against TitleMax based upon the language of the Pawn Ticket arbitration provisions, this Court should order this related matter into arbitration as well since Defendant MVTrac is undoubtedly a "Related Party" as defined in the arbitration provision of the Pawn Tickets at Section 18.

Plaintiff filed her Complaint on June 3, 2022 asserting claims of conversion and violations of the Fair Debt Collection Practices Act arising from the allegedly wrongful repossession of her Vehicle by Defendant MVTrac on behalf of TitleMax.  Plaintiff's arguments cannot be made without her allegations of TitleMax's breach of the Pawn Ticket(s).  For the foregoing reasons and those that follow, Defendant respectfully requests that this Court enter an Order compelling all of Plaintiff's claims arising out of this case to arbitration, and that all proceedings in this case, including discovery, are stayed pending the completion of such arbitration.

### III.     LAW AND ARGUMENT

According to the plain language of the Arbitration Clause and pursuant to the FAA, all claims brought against TitleMax in this case must be submitted to arbitration. The FAA reflects a strong federal policy favoring the arbitration of disputes, which has been reinforced by the courts. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (1947). Congress enacted the FAA to overcome long-standing judicial hostility toward pre-dispute arbitration agreements. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 272 (1995). Thus, Congress established a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Additionally, through its passage of the FAA, Congress placed arbitration agreements "upon the same footing as other contracts." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 225-26 (1987) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974)).

When resolving a motion to compel arbitration in Alabama, any doubts as to whether an issue is arbitrable are to be resolved in favor of arbitration. *Ex parte Johnson*, 993 So. 2d 875, 885 (Ala. 2008) (citing *Moses H. Cone*, 460 U.S. at 24-25); *Young v. Jim Walter Homes, Inc.*, 110 F. Supp. 2d 1344, 1347 (M.D. Ala. 2000); *Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814, 818 (11th Cir. 2001) (also citing *Moses H. Cone*, 460 U.S. at 24-25 (1983)). A motion to compel arbitration must be granted when the moving party proves: (1) "the existence of a contract calling for arbitration [,]" and (2) "that the contract evidences a transaction affecting interstate commerce." *Wayne Farms LLC v. Primus Builders, Inc.*, 330 So. 3d 468, 472 (Ala. 2020); *see also Kemp v.*

*GameStop, Inc.*, 2019 WL 2024292, at *3 (N.D. Ala. May 8, 2019) (applying Alabama law). Both requirements are easily satisfied in this case.

The moving party "must produce some evidence which tends to establish its claim." *Wolff Motor Co. v. White*, 869 So. 2d 1129, 1131 (Ala. 2003) (quoting *Jim Burke Auto., Inc. v. Beavers*, 674 So. 2d 1260, 1265 (Ala. 1995)). Once the moving party meets this initial burden, the nonmovant then has the burden to present evidence tending to show that the arbitration agreement is invalid or inapplicable to the case. *Polaris Sales, Inc. v. Heritage Imports, Inc.*, 879 So. 2d 1129, 1132 (Ala. 2003).

Here, each of Plaintiff's claims relate to or arise out of the Pawn Ticket(s), and therefore fall within the scope of the Arbitration Clause contained therein. Therefore, Plaintiff's claims should be compelled to arbitration, and this proceeding stayed until resolved.

A.   **The Arbitration Clause is a valid "contract calling for arbitration."**

Plaintiff and TitleMax entered into a valid agreement under the Pawn Tickets, and the Arbitration Clause contained within each Pawn Ticket is a "contract calling for arbitration." Plaintiff acknowledges that she was subject to a binding agreement with TitleMax under which she was obligated to make payments. (*See* Compl., para. 8, "On or about November 8, 2018, the Plaintiff took out a loan from TitleMax, pledging her Vehicle as collateral." The title pawn was a 'security interest' as defined by Ala. Code §7-1-201(b)(35)."). The 02/07/2019 Pawn Ticket in force at the time this dispute arose bears Plaintiff's signature. The Arbitration Clause contained in each of the respective Pawn Tickets requires that Plaintiff and TitleMax arbitrate all "Disputes."[4] (Exhibit A-1 through A-8 as § 19, p. 3) ("By signing below, you agree to this Waiver of Jury Trial and Arbitration Clause. . . . Lender and you agree that any party many demand arbitration of or

---

[4] See Footnote 2.

arbitrate any Dispute."). The Pawn Tickets, including the Arbitration Clause, are valid and binding on Plaintiff. Because the Arbitration Clause represents Plaintiff's agreement to allow "[a] Related Party … to compel [Plaintiff] to arbitrate Disputes," this matter must be compelled to arbitration. (Affidavit at Exhibits A-1 through A-8, § 19, p. 4).

      **B.    Each of the Pawn Tickets "evidences a transaction affecting interstate commerce."**

There is no question that the Pawn Ticket "evidences a transaction affecting interstate commerce" as required by the FAA. *Wayne Farms*, 330 So. 3d at 472. The FAA preempts contrary state law and renders enforceable a written pre-dispute arbitration agreement where the agreement appears in a contract evidencing a transaction that "involves" interstate commerce. *Wolff Motor Co. v. White*, 869 So.2d 1129, 1132 (Ala. 2003). "[T]he term 'involving commerce' in the FAA [is] the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (quoting *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–74 (1995)). Congress's Commerce Clause power reaches "transactions (1) that use the channels of interstate commerce, (2) that involve the instrumentalities of interstate commerce, or persons or things in interstate commerce, or (3) that involve general activities having a substantial effect on interstate commerce." *McKay Bldg. Co. v. Juliano*, 949 So.2d 882, 885 (Ala. 2006). Congress's Commerce Clause power may reach a transaction even if the individual transaction at issue does not have a 'substantial effect' on interstate commerce if "in the aggregate" the economic activity in question "would represent a general practice ... subject to federal control." *Id*. (quoting *Citizens Bank*, 539 U.S. at 56–57, quoting in turn *Mandeville Island Farms, Inc. v. American Crystal Sugar Co.*, 334 U.S. 219, 236 (1948)).

As a threshold matter, Plaintiff and TitleMax agreed in each of the Pawn Tickets that such Pawn Ticket involves interstate commerce and that that Federal Arbitration Act applies to the Arbitration Clause. (Exhibits A-1 through A-8, §17) ("This Agreement and the Pawn **involve interstate commerce**. Alabama law governs this Agreement, but **the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 19**.) (emphasis added).

In addition to being a transaction governed by federal law (FAA), the fact the Vehicle at the center of this dispute was manufactured outside Alabama and was transported in interstate commerce further confirms this dispute involves interstate commerce.  Additionally, Plaintiff alleges the Vehicle was repossessed in Alabama and transported across state lines to Mississippi by Defendant MVTrac (Complaint at para.18).  The Vehicle, which is at the center of Plaintiff's lawsuit, is an instrumentality of commerce and therefore is governed by the FAA. *See Wolff Motor Co. v. White*, 869 So. 2d 1129, 1135 (Ala. 2003) (quoting *United States v. McCoy,* 323 F.3d 1114, 1129 (9th Cir. 2003) (""The automobile, if anything, is the paradigm of modern interstate commercial activity in the United States . . . '[C]ars are themselves instrumentalities of commerce.' "); *see also United States v. Ballinger,* 312 F.3d 1264, 1269 (11th Cir. 2002) ("The instrumentalities of interstate commerce are those '*persons or things*' that *move* in interstate commerce, including all cars and trucks, ships, aircraft and anything else that travels across state lines, as do interstate shipments.").  Accordingly, it is clear that the Pawn Tickets involve interstate commerce sufficient to invoke the FAA.

        **C.**        **Plaintiff's Claims Against Defendant are Subject to the Arbitration Clause.**

Under the FAA, an agreement to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. In construing the scope of an arbitration agreement, the Court must resolve any ambiguities as to the breadth of the arbitration agreement in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Arbitration is preferred because the FAA precludes a court from construing general contract construction principles in a manner that would disfavor arbitration. *See Hill v. Rent–A–Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (The FAA evinces a "liberal federal policy favoring arbitration agreements."); *see also Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009) ("The FAA creates a strong federal policy in favor of arbitration."). The law requires that courts give the broadest possible interpretation to arbitrations, resolving all doubts in favor of arbitration. *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003). Indeed, courts "rigorously enforce" arbitration agreements. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

The Arbitration Clause is indisputably broad enough to encompass each and every allegation asserted by Plaintiff. As quoted above, the scope of the Arbitration Clause is extremely broad and clearly and unambiguously provides that it applies to "<u>any Dispute</u>." (Ex. ___). Once again, "Dispute" is defined as follows:

> "…[**ll claims and disagreements related to your application, this Agreement, the Vehicle, the Transaction, or your relationship with Lender**. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancings, and payment plans. It includes claims related to collections, privacy, and customer information. It includes claims and disagreements that usually would be resolved in court. 'Dispute' also includes claims and disagreements you have with Related Parties."

(*Id.*) (emphasis added).  Pawn Tickets defines "Related Party" to include "any person or **company involved in a Dispute you pursue while you pursue a Dispute with Lender** (**like a repossession company**)."  Such broad and encompassing language makes it clear that Plaintiff's claims are subject to the Arbitration Clause and should compelled to arbitration.; *See Ex Parte Gates*, 675 So. 2d 371, 374 (Ala. 1996) (mandating arbitration of claims pursuant to a similar arbitration clause: "[a]ll disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration."); *see also Ex parte Disc. Foods, Inc.*, 789 So. 2d 842, 845 (Ala. 2001) (mandating arbitration of all claims between plaintiff and defendant where arbitration clause required parties to arbitrate "[a]ny controversy or claim" arising between them); *Southland Health Services, Inc. v. Bank of Vernon*, 887 F. Supp. 2d 1158, 1165 (N.D. Ala. 2012) (discussing broad scope of arbitration agreements apply[ing] to '*any* prior, current, or future agreement, loan, account, service, activity, transaction (proposed or actual), event or occurrence,' and even specifically includ[ing] 'contract and tort disputes and any other matter'").

Plaintiff's claims cannot be determined without reference to the Pawn Tickets.  Plaintiff's claims are clearly related to the Pawn Tickets due to her default and the subsequent enforcement of the security by Defendant MVTrac at the request of TitleMax, thereby falling within the definition of "Dispute."  Plaintiff admits Defendant MVTrac is a repossession company (see Complaint at Paras. 6, 13), and Defendant MVTrac is specifically included in the definition of "Related Party."  As set out above, Plaintiff's claims against Defendant are subject to the Arbitration Clause.

D. **Dismissal Without Prejudice or Order of Stay**

Finally, because Plaintiff's claims are due to be arbitrated, this Court should dismiss the claims without prejudice. Courts have recognized that where all of a plaintiff's claims are due to be arbitrated – as they are here – the FAA does not preclude dismissal. *Hurst v. Tony Moore Imports, Inc.*, 699 So. 2d 1249, 1258–59 (Ala. 1997); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

In the alternative, Section 3 of the FAA plainly requires that a court stay litigation where issues presented in the litigation are the subject of an arbitration agreement:

> "If any suit or proceeding be brought in any of the Courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the Court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."

9 U.S.C. § 3. *See also Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."); *Quality Truck and Auto Sales, Inc. v. Yassine*, 730 So. 2d 1164, 1170 (Ala. 1999); *Texaco Exploration and Production Co. v. AmClyde Engineered Products Co., Inc.*, 243 F.3d 906, 909 (5th Cir. 2001). Accordingly, because this case is the subject of an arbitration agreement, this Court should dismiss Plaintiff's claims, or, in the alternative, stay any further proceedings in this action.

V.  **CONCLUSION**

For all of these reasons, the requirements for compelling arbitration under Alabama law have been satisfied. Defendant's Motion to Compel Arbitration should be granted. Plaintiff should be compelled to arbitrate this dispute, and this lawsuit should be dismissed.

Respectfully submitted this 2nd day of August, 2022.

/s/ Ricardo A. Woods

Ricardo A. Woods   (ASB-1019-R80W)
Kermit Kendrick    (ASB-3553-T41K)

**OF COUNSEL:**

**Kermit Kendrick**
**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Tel:    205-251-3000
Email: kkendrick@burr.com

**Ricardo A. Woods**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, AL  36602
Tel:    251-344-5151
Email: rwoods@burr.com

Certificate of Service

I hereby certify that the foregoing has been served upon counsel of record herein via email on this the 2nd day of August, 2022, as follows:

Judson E. Crump
Judson E. Crump PC
250 Congress Street
Mobile, AL  3603
judson@judsonecrump.com
*Attorney for Claimant*

John N. Bolus
Molli Masaniai
Maynard Cooper & Gale PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203-2618
jbolus@maynardcooper.com
mmasaniai@maynardcooper.com
*Attorneys for Respondent*

                                             */s/ Ricardo A. Woods*
                                             Of Counsel